IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH J. ROWELL, :
:
    Plaintiff, :
:
v. : Civil Action No. 22-1533-RGA
:
AMERICOLLECT, INC., :
:
    Defendant. :

## MEMORANDUM ORDER

On November 23, 2022, Plaintiff Kenneth J. Rowell, proceeding *pro se*, brought this action under the Fair Debt Collection Practices Act ("FDCPA") against Defendant Americollect, Inc. (D.I. 2). Before the Court are Plaintiff's motion for default judgment (D.I. 7), Defendant's initial motion to dismiss (D.I. 11), Plaintiff's motion to amend his complaint (D.I. 13), and Defendant's renewed motion to dismiss (D.I. 17). The matters are fully briefed.

The Court, without further discussion, will deny the motion for default judgment; grant the motion to amend the complaint, which is unopposed; treat the Amended Complaint as the operative filing; and dismiss as moot the motion to dismiss the initial complaint. That leaves the renewed motion to dismiss.

I. **BACKGROUND**

On December 12, 2022, approximately three weeks after filing his initial complaint, Plaintiff filed postal receipts indicating that the complaint had been mailed to Defendant at a post office box in Wisconsin. (D.I. 6). Plaintiff moved for default judgment. (D.I. 7). Defendant promptly opposed default judgment arguing, as relevant,

that Plaintiff had failed to perfect service of process and that his postal receipts were not sufficient for serving a corporation under Rule 4(h) of the Federal Rules of Civil Procedure. (D.I. 9). In response, Plaintiff asserted, "Due to occurrences out of my control I was unable to serve Summons and complaint by methods specifically prescribed by law." (D.I. 10 at 2). In a letter to the Court, Plaintiff requested that I "please excuse the means used to serve the defendant." (D.I. 15).

The Amended Complaint is the operative pleading. (D.I. 13-1). Plaintiff's allegations, which are accepted as true at this stage of the proceedings, are as follows. In March 2022, Plaintiff received his consumer reports from Experian, Equifax, and Transunion. The reports reflected that Defendant was attempting to collect an "unpaid" and "Severely past due" debt of $303.00. (*Id.* at p. 2, ¶¶ 13-14). Plaintiff sent Defendant a request for verification of the debt. In April 2022, Defendant responded with a verification that it was collecting a debt of $303.00 on behalf of the original creditor, the Foundation Radiology Group PC. Plaintiff sent other correspondence to Defendant challenging its collection efforts. Defendant ultimately sent Plaintiff a letter stating that it had cancelled the debt and had requested that it be deleted from Plaintiff's consumer reports. (*Id.* at p. 5, ¶ 42).

Plaintiff alleges that he was "unable to apply for certain jobs as they were dependent on [his] credit worthiness and score which should be fair and accurate," that he was "unable to scale [his] business or get approved for personal lines of credit," that Defendant's "conduct deprived [him] of a fair and accurate credit report," and that "[d]ue to [Defendant's] conduct [he] was unable to get approved for auto loans." (*Id.* at pp. 12-13, ¶¶ 5, 7-9).

Plaintiff brings claims for violations of various provisions of the FDCPA, as well as breach of contract and defamation. For relief, Plaintiff seeks damages.

Defendant moves to dismiss the Amended Complaint for lack of standing, insufficient service of process, and failure to state a claim. The motion is briefed. (D.I. 18, 19).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." Standing is a threshold jurisdictional issue in any case before a United States Court. *See St. Thomas-St. John Hotel & Tourism Ass'n, Inc. v. Government of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000). "To establish constitutional standing, 'a plaintiff must show (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cit. 2016) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). If a litigant does not meet these requirements, the case must be dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

### B.   Rule 12(b)(5)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a party may move to

3

dismiss for insufficient service of process. Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. The plaintiff is responsible for having the summons and complaint served within the 90-day time limit for perfection of service allowed by Rule 4(m) and he must furnish the necessary copies to the person who makes service. *See* Fed. R. Civ. P. 4(c)(1). If service is not completed within that time, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m); *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

Rule 4(h) of the Federal Rules of Civil Procedure permits service on a corporation (1) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of the summons and complaint to the defendant. Fed. R. Civ. P. 4(h)(1).

Rule 4(e)(1) provides that an individual may be served by following state law for serving a summons in the state where the district court is located or where service is made. Under Delaware law, service of process on a corporation:

> shall be made by delivering a copy personally to any officer or director of the corporation in this State, or the registered agent of the corporation in this State, or by leaving it at the dwelling house or usual place of abode in this State of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in this State.

*Church-El v. Bank of New York*, 2013 WL 1190013, at *5 (D. Del. Mar. 21, 2013) (quoting 8 Del. C. § 321(a)).

### C.     Rule 12(b)(6)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), I must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether

5

a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.  DISCUSSION

Defendant argues that Plaintiff lacks standing because he has failed to allege that he suffered an injury in fact that is concrete and particularized. In this vein, Defendant asserts, "The Amended Complaint contains, at best, conclusory allegations that [Plaintiff] suffered an informational injury that caused him confusion and anxiety." (D.I. 18 at 12). However, Defendant thereafter immediately concedes that Plaintiff alleged that he was "unable to apply for certain jobs as they were dependent on [his] credit worthiness and score which should be fair and accurate" and "unable to scale [his] business or get approved for personal lines of credit." (D.I. 13-1 at p.13, ¶¶ 7, 9). Defendant contends that these allegations are insufficient to establish standing because they are conclusory and unsupported by specific facts and, therefore, should be disregarded by the Court. (D.I. 18 at 12). Notably, Defendant omitted from mention Plaintiff's allegations that Defendant's "conduct deprived [him] of a fair and accurate credit report," and that "[d]ue to [Defendant's] conduct [he] was unable to get approved for auto loans." (D.I. 13-1 at p.13, ¶¶ 5, 8).

For an injury to be cognizable, it must not be "too speculative" and must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted). "[A]llegations of possible future injury" are insufficient. *Id.* (internal quotation marks omitted). Plaintiff's allegations recited above, viewed in the light most favorable to him, and liberally construed due to his *pro se* status, state a cognizable injury in fact sufficient to establish standing.

Defendant argues additionally that Plaintiff has failed to state claims under the FDCPA, or for violations of state law. Because, as discussed below, Plaintiff has failed to effectuate service, I will not address these arguments in full at this time. I note, however, that Defendant failed in its motion to address the applicability in this case, if any, of an ostensibly relevant regulation, which was enacted in January 2021:

> [A] debt collector must not furnish to a consumer reporting agency . . . information about a debt before the debt collector: (i) Speaks to the consumer about the debt in person or by telephone; or (ii) places a letter in the mail or sends an electronic message to the consumer about the debt and waits a reasonable period of time to receive a notice of undeliverability.

12 C.F.R. § 1006.30. Dismissal of Plaintiff's FDCPA claims for failure to state a claim without careful consideration of § 1006.30 would be inappropriate. Given Plaintiff's failure to perfect service, however, I will leave that issue for another day.

Plaintiff mailed the complaint and summons to a post office box. Neither federal law, nor Delaware state law, permit service on a corporation by this method. *See Church-El*, 2013 WL 1190013, at *5. Plaintiff appeared to concede as much earlier in the litigation.

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, I have "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, and Plaintiff's *pro se* status, I will deny the motion to dismiss for insufficient service of process. Plaintiff will be given additional time to effect service in compliance with Rule 4 of the Federal Rules of Civil Procedure.

## IV.  CONCLUSION

Now therefore, at Wilmington, this 8th day of September, 2023;

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (D.I. 7) is **DENIED**.

2. Defendant's motion to dismiss (D.I. 11) is **DISMISSED as moot**.

3. Plaintiff's motion to amend his complaint (D.I. 13) is **GRANTED** and the Amended Complaint (D.I. 13-1) is **ACCEPTED**.

4. Defendant's renewed motion to dismiss (D.I. 17) is **DENIED** without prejudice to renew.

5. Plaintiff is given until on or before October 20, 2023, to properly serve Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff is placed on notice that the case will be dismissed without prejudice and the Clerk of Court will be directed to close the case should Plaintiff fail to timely effect service.

_____
UNITED STATES DISTRICT JUDGE