IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH J. ROWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1533 (JLH) |
| | ) |
| AMERICOLLECT, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Kenneth J. Rowell, Bear, Delaware, Pro Se Plaintiff.

Daniel M. Pereira, Esq., Stradley Ronon Stevens & Young, LLP, Wilmington, Delaware.  Counsel for Defendant.

September 25, 2024
Wilmington, Delaware

**HALL, U.S. District Judge:**

I.      **INTRODUCTION**

On November 23, 2022, Plaintiff Kenneth J. Rowell of Bear, Delaware, initiated this *pro se* consumer credit action against Defendant Americollect, Inc. (D.I. 2.) Plaintiff moved for leave to proceed *in forma pauperis*, and the Court denied the motion based on Plaintiff's self-reported income. (D.I. 1, 4.) The Court granted Plaintiff's motion to amend his Complaint (D.I. 21), and the Amended Complaint is now the operative pleading (D.I. 13-1). Now pending before the Court are Plaintiff's motion for e-filing privileges (D.I. 22), which addresses an administrative matter not requiring adversarial briefing, and Defendant's motion to dismiss the Amended Complaint (D.I. 25), which has been briefed in full by the parties (D.I. 26, 27, 28). The matter was reassigned to me in January 2024, and I now resolve the motions as set forth below.

II.      **BACKGROUND**

The Amended Complaint purports to assert seven consumer credit-related Counts against Defendant. (D.I. 13-1 at 7–13.) Counts 1 through 5 allege various violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692-1692p (*id.* at 7–11),[1] Count 6 alleges breach of contract (*id.* at 11–12), and Count 7 alleges defamation (*id.* at 12–13).

---

[1] Count 1 alleges false or misleading representations, in violation of 15 U.S.C. § 1692e (D.I. 13-1 at 7–9); Count 2 alleges failure to timely provide the consumer with written notice as required by 15 U.S.C. § 1692g (*id.* at 9); Count 3 alleges unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692g (*id.* at 9–10); Count 4 alleges harassment, oppression, or abuse in connection with the collection of debt, in violation of 15 U.S.C. § 1692d (*id.* at 10); and Count 5 alleges unlawful communication in connection with debt collection, in violation of 15 U.S.C. § 1692c (*id.* at 11).

According to the Amended Complaint and the supporting exhibits submitted by Plaintiff (D.I. 2, 19),[2] Plaintiff first learned that Defendant was attempting to collect a $303.00 debt from Plaintiff when Plaintiff pulled his credit reports in March 2022. (*Id.* at 2.) The same month, Plaintiff sent a letter to Defendant, demanding validation and proof of claim. (*Id.* at 3; *see also* D.I. 19-2 at 5–10.) Plaintiff's letter to Defendant also included proposed contractual terms, setting out numerous additional obligations for Defendant and penalties for failure to comply with those obligations. (D.I. 19-2 at 5–10.)

In April 2022, Defendant responded to Plaintiff's demand letter in writing by mail at the address provided by Plaintiff. (D.I. 13-1 at 3; *see also* D.I. 19-2 at 5, 13–14.) Defendant did not respond regarding Plaintiff's proposed contractual terms, which Plaintiff took to mean that Defendant "implied acceptance of contract without objection." (D.I. 13-1 at 3.) Defendant did respond regarding Plaintiff's demand for validation and proof of claim. (*Id.*; *see also* D.I. 19-2 at 13–14.) Specifically, Defendant sent Plaintiff a one-page letter enclosed with a one-page itemized statement from Plaintiff's alleged original creditor, Foundation Radiology Group, P.C. (*Id.*) Defendant's one-page letter twice stated, "This is a communication from a debt collector." (D.I. 19-2 at 13.) The letter specified that Plaintiff owed a balance of $303.00 to a creditor named Foundation Radiology Group, and then informed Plaintiff:

> The enclosed itemized statement(s) from your creditor may show you owe a zero balance. The creditor's billing system shows a zero balance when the account is

---

[2] The Court has considered Plaintiff's exhibits to the extent they are referenced in the Amended Complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint . . . and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004))).

      turned over to a collection agency.  The amount due to this creditor is detailed above.

The letter included a 1-800 number for questions.  (*Id.*)  As mentioned in the one-page letter, the enclosed itemized statement from Foundation Radiology Group reflected a $0.00 amount due after a line entry of $105.00 for an "ECHO" procedure on November 10, 2019, a line entry of $198.00 for a "DUPLEX SCAN" procedure on November 10, 2019 (both performed by Dr. Patel), and a line entry of -$303.00 with the description "Collector Write Off."  (*Id.* at 14.)  At the bottom of the itemized statement, two lines read—"MAKE CHECKS PAYABLE TO: FOUNDATION RADIOLOGY GROUP PC."  (*Id.*)

      According to the Amended Complaint, Defendant's response letter confused Plaintiff and did not comply with Plaintiff's proposed contractual terms.  Later in April 2022, Plaintiff send Defendant an invoice for various penalties that Plaintiff believed Defendant had incurred in breaching Plaintiff's contractual terms.  (D.I. 13-1 at 3–4; *see also* D.I. 19-2 at 25.)  The record does not reflect any response from Defendant regarding Plaintiff's invoice.

      In October and November 2022, Plaintiff made several phone calls to Defendant between the hours of 10:30 AM and 12:00 PM, and Plaintiff sent an email to Defendant to follow up on the matter.  (D.I. 19-2 at 26–28.)  Following those communications, Plaintiff received a letter by mail from Defendant in November 2022.  (D.I. 13-1 at 5; D.I. 19-2 at 29.)  The letter informed Plaintiff that his account had been "cancelled" from Defendant's agency and that Defendant had asked the three major credit bureaus to remove all record of the matter from Plaintiff's credit history.  (D.I. 19-2 at 29.)

3

### III. <u>LEGAL STANDARD</u>

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### IV. <u>DISCUSSION</u>

Upon review of the Amended Complaint and Plaintiff's supporting exhibits, and with the benefit of adversarial briefing, the Court concludes that Plaintiff has failed to state a claim against

Defendant. As such, dismissal of the Amended Complaint is appropriate, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Regarding Count 1, the facts alleged by Plaintiff fail to plausibly suggest that Defendant used false, deceptive, or misleading language in its communications with Plaintiff.[3] (D.I. 13-1 at 7–9.) Plaintiff contends that Defendant's April 2022 written communication was confusing because Defendant's letter stated that Plaintiff had a balance of $303.00 with Defendant for a debt owed to Foundation Radiology Group, P.C. (the original creditor), but the enclosed itemized statement from the original creditor listed a $0.00 balance and stated, "Make check Payable to Foundation Radiology Group." (*Id.* at 8.) Even assuming Plaintiff was genuinely confused, the Court cannot find that the language of Defendant's April 2022 written communication amounted to a violation of 15 U.S.C. § 1692e. Defendant's letter unambiguously informed Plaintiff that Defendant was a debt collector attempting to collect a $303.00 debt on behalf of the original creditor and that the original creditor's enclosed itemized statement would reflect a $0.00 balance now that the $303.00 debt was in collections. (D.I. 19-2 at 13–14.)

Regarding Count 2, the facts alleged—specifically, that Defendant did not provide Plaintiff with a written notice within five days of Plaintiff independently accessing his credit reports in March 2022—do not establish that Defendant failed to provide timely written notice required by the FDCPA. (D.I. 13-1 at 9.) This claim fails because it is not reasonable to construe the date on which Plaintiff pulled his credits report as the date of Defendant's first communication with Plaintiff.

---

[3] Count 1 also includes allegations regarding breach of contract, addressed below in the discussion of Count 6.

Regarding Count 3, the facts alleged—specifically, that Defendant sent Plaintiff "an itemized statement and a letter which were confusing to Plaintiff"—do not establish that Defendant attempted to collect a debt from Plaintiff using unfair or unconscionable means. (*Id.* at 9–10.) The documents in question have been reviewed by the Court, and there is nothing in them to suggest that Defendant used unfair or unconscionable means in attempting to collect a debt from Plaintiff.

Regarding Count 4, the facts alleged—specifically, that Defendant informed Plaintiff that Defendant was attempting to collect a debt, that Plaintiff had an open account with Defendant, and later, that Defendant had cancelled Plaintiff's debt—do not plausibly suggest that Defendant harassed, oppressed, or abused Plaintiff in connection with the collection of a debt.[4] (*Id.* at 10.)

Regarding Count 5, the facts allege by Plaintiff do not plausibly support the allegations that Defendant communicated with Plaintiff "at unusual times and place that were inconvenient" to Plaintiff and that Defendant inappropriately continued to communicate with Plaintiff after Plaintiff asked Defendant in writing to cease communications. (*Id.* at 11.) The Amended Complaint and supporting exhibits show that Defendant's subsequent communications with Plaintiff by phone and email were at Plaintiff's request or initiation. (D.I. 19-2 at 5–10, 13–14, 25–28.) The one exception—the November 2022 letter notifying Plaintiff that Defendant had cancelled Plaintiff's debt—was clearly permissible under 15 U.S.C. § 1692c.[5] The record before the Court reflects that Defendant's letters were mailed to Plaintiff at the address Plaintiff provided

---

[4] Count 4 also includes allegations regarding breach of contract, addressed below in the discussion of Count 6.

[5] "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated . . . ." 15 U.S.C. § 1692c(c)(1).

to Defendant for such communications (D.I. 19-2 at 5, 13–14, 29), and calls between Plaintiff and Defendant took place during appropriate hours (*id.* at 26).

Regarding Count 6, the facts presented do not plausibly suggest that Defendant effectively or implicitly entered a contract with Plaintiff by mailing Plaintiff the April 2022 letter or that Defendant subsequently breached said contract. (D.I. 13-1 at 11–12.)  Rather, the record reflects that Plaintiff requested validation and proof of claim from Defendant and that Defendant appropriately responded with a letter and itemized statement; there is no indication from this correspondence (or anything else in the record) that Defendant entered into any contractual agreement proposed by Plaintiff.  (*See* D.I. 19-2 at 5–10, 13–14.)  Similarly, the decision by Defendant to cancel Plaintiff's debt in November 2022 in no way indicates that Defendant was effectively admitting to a breach of contract, an illegal attempt to collect a debt, or any other rights violation.

Regarding Count 7, the facts alleged—specifically, that Plaintiff's debt was reported to credit agencies, that Defendant informed Plaintiff that Defendant was a debt collector, that Plaintiff had an open account for $303.00, and that the original creditor was Foundation Radiology Group—fail to state a plausible claim of defamation (even if a defamation claim were not preempted by the FDCPA).  (D.I. 13-1 at 12–13.)

Based on the foregoing, the Court concludes that the Amended Complaint fails to state a claim against Defendant and finds dismissal warranted, pursuant to Rule 12(b)(6).  Because the Amended Complaint fails to state a claim, Defendant's motion to dismiss for insufficient service of process is now moot, and the Court declines to address it.[6]

---

[6] Defendant may raise its service-based argument again in a later filing should this matter proceed.

In an abundance of caution, Plaintiff will be given an opportunity to file a second amended complaint remedying the deficiencies discussed above. If Plaintiff chooses to file a second amended complaint, he may not add any new claims; he may only amend the allegations in the Amended Complaint to remedy the above-discussed deficiencies. Plaintiff should be advised that filing a second amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice. Alternatively, if Plaintiff chooses not to timely file a second amended complaint, this case will be closed.

## V. **CONCLUSION**

For the above reasons, the Court will grant Defendant's motion to dismiss the Amended Complaint (D.I. 25). Plaintiff's motion for e-filing privileges (D.I. 22) will be denied. Should Plaintiff wish to file a second amended complaint as discussed above, he may also file a second motion for e-filing privileges. Any such motion must comply with the District Court's CM/ECF Administrative Procedures regarding Registration/Training, as previously directed by the Clerk of Court. (D.I. 23.)

An appropriate Order will be entered.